Filed 1/23/25  P. v. Escobar CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>ALAN ESCOBAR,<br><br>      Defendant and Appellant. | B334101<br><br>(Los Angeles County<br>Super. Ct. No. PA097063-01) |

APPEAL from a judgment of the Superior Court of Los Angeles County, David Walgreen, Judge.  Judgment Affirmed; Sentence vacated and remanded.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Kenneth C. Byrne and Sophia A. Lecky, Deputy Attorneys General for Plaintiff and Respondent.

The jury found Alan Escobar guilty of assault with a semiautomatic firearm (Pen. Code,[1] § 245, subd. (b); count 1) and carrying a loaded handgun on his person or in a vehicle (§ 25850, subd. (a); count 3). The jury acquitted Escobar of attempted murder. (§§ 664/187, subd. (a); count 2.) As to count 1, the jury found true the allegation that Escobar personally used a firearm in the commission of the offense in violation of section 12022.5, subdivision (a). As to counts 1 and 3, the jury found true the allegation that Escobar attempted to flee from the crime scene and to conceal and/or destroy evidence of the crime, within the meaning of Rules of Court, rule 4.421, subdivision (c). The jury found not true as to counts 1 and 3 the allegation that the victim of the above offenses was particularly vulnerable within the meaning of Rules of Court, rule 4.421, subdivision (a)(3).

On appeal, Escobar contends that (1) the matter must be remanded for resentencing because the trial court relied on improper aggravating factors to impose the 10-year high term on the firearm enhancement, and (2) that the trial court violated his federal and state constitutional rights by improperly instructing the jury regarding the mental state required for the assault in count 1.

We vacate the sentence and remand the matter to the trial court for re-sentencing. We affirm the judgment in all other respects.

---

[1] All further statutory references are to the Penal Code.

# DISCUSSION[2]

## A. *Imposition of the Upper Term on the Firearm Enhancement*

### 1. <u>Law</u>

Prior to 2022, when a statute specified a triad of possible punishments, trial courts had discretion to choose between the three terms, " 'select[ing] the term which, in the court's discretion, best serves the interests of justice' and stating reasons for its decision. (Former § 1170(b), enacted by Stats. 2007, ch. 3, § 2, pp. 6–7.)' " (*People v. Lynch* (2024) 16 Cal.5th 730, 747 (*Lynch*).) "[A]s of January 1, 2022, the Legislature . . . amended section 1170 to provide that the trial court 'shall,' in its discretion impose a sentence 'not to exceed the middle term' (*id.*, subd. (b)(1)) except in the following circumstance: 'The court may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of' an upper term sentence, and 'the facts underlying those circumstances have been stipulated to by the defendant or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial.' (§ 1170(b)(2); Stats. 2021, ch. 719, § 2 . . . .)." (*Id.* at p. 748, fn. omitted.) The same rule applies to enhancements that are punishable by one of three terms, such as section 12022.5, subdivision (a), which is implicated here. (§ 1170.1, subd. (d)(1), (2).)

---

[2] Because the issues presented are purely legal, we do not include a recitation of the facts.

3

"The trial court's substitution of its own factfinding for that of a jury, and its application of a lower standard of proof, are not mere state statutory errors. They are errors that run counter to the high court's interpretation of the federal Constitution. Neither are they mere errors affecting the court's exercise of discretion. This is true even if the court might have imposed the same sentence based on fewer aggravating circumstances than those it cites on the record. When the trial court *actually relies* on improperly proven aggravating facts to 'justify' an upper term sentence, a Sixth Amendment violation occurs and *Chapman* [*v. California* (1967) 386 U.S. 18] must be satisfied. That is to say the reviewing court must be able to conclude beyond a reasonable doubt that the jury would have found the unproven aggravating facts to be true had it been properly instructed." (*Lynch*, *supra*, 16 Cal.5th at pp. 760–761, fn. omitted.)

### 2.    <u>Proceedings</u>

The trial court sentenced Escobar to the middle term of six years in prison in count 1, plus the high term of 10 years for the associated firearm enhancement. The court imposed a concurrent term of three years in count 3. The court relied on the following aggravating factors in support of its determination to impose the 10-year upper term on the firearm enhancement:

"The Court does note as factors in aggravation, the crime involved great violence, great bodily harm, or threat of great bodily harm. The defendant was armed with a loaded ghost gun which he testified he purchased on the Internet, entirely untraceable because it has no serial number.

4

"The defendant arrived at the location already armed with that loaded ghost gun. The victim at the time of the shooting was particularly vulnerable as he was backing away with his arms down retreating to get away from the situation and posed absolutely no danger whatsoever to the defendant.

"As to factors in mitigation, I do note the defendant is relatively young. He was 21 years old at the time, and he does have no prior criminal record.

"However, the court does find that the factors in aggravation greatly outweigh any factors in mitigation based on the brazen callousness of the shooting."

The court subsequently discussed that Escobar fled the location, which was inconsistent with Escobar's assertion that he acted in self-defense, that Escobar was the aggressor and needlessly escalated the situation, and that Escobar callously tossed a loaded, untraceable gun into the street where anyone could pick it up. The court stated that the jury specifically found true the allegation that Escobar attempted to flee from the crime scene and to conceal and/or destroy evidence of the crime, within the meaning of Rules of Court, rule 4.421, subdivision (c).

### 3. <u>Analysis</u>

Escobar contends that the trial court erred by relying on improper factors to impose the upper term of 10 years in prison on the firearm enhancement associated with count 1. Specifically, he argues that (1) the jury did not find that the crime involved great violence, great bodily harm, or threat of great bodily harm; (2) the jury found *not true* the allegation that the victim was particularly vulnerable; and (3) flight and

destruction of evidence are not proper aggravating factors because they do not reasonably relate to the defendant or the circumstances under which the crime was committed as California Rules of Court rule 4.421, subdivision (c) requires, and (4) rule 4.421, subdivision (c) is unconstitutionally vague. To the extent that counsel failed to object to the trial court's imposition of the high term on these bases, Escobar contends that counsel provided ineffective assistance.

The People counter that Escobar forfeited his arguments by failing to raise them below, but argue that, even if we find that counsel provided ineffective assistance, Escobar cannot establish prejudice because he cannot show that he would have achieved a more favorable result if counsel had objected.

We address the issue on the merits because even if forfeited it affects Escobar's substantial rights.[3] (§ 1259.) The resolution

---

[3] In his sentencing memorandum, defense counsel argued that all but one of the aggravating factors enumerated in Rules of Court, rule 4.421, subdivision (a)—including the aggravating factors that the victim was particularly vulnerable and that the crime involved great violence, great bodily harm, or threat of great bodily harm—were not admitted by Escobar or found true by a jury and could not justify imposition of a term exceeding the middle term pursuant to section 1170, subdivision (b)(2) and *Apprendi v. New Jersey* (2000) 530 U.S. 466. Although counsel did not object at the sentencing hearing following the court's ruling, "arguments [that] do not invoke facts or legal standards different from those the trial court itself was asked to apply, but merely assert that the trial court's act or omission, insofar as wrong for the reasons actually presented to that court, had the . . . *legal consequence* of violating the Constitution. . . . are not forfeited on appeal." (*People v. Booker* (2011) 51 Cal.4th 141, 155, fn. 4.)

of the issue is clear.  The trial court erroneously relied on the particular vulnerability of the victim despite the fact that the jury expressly found not true the allegation that the victim was particularly vulnerable.  The error is not harmless.  The jury made an explicit finding that the factor was not true; we need look no further.[4]  (*Lynch*, 16 Cal.5th at pp. 760–761.)  We reject the People's argument that *Lynch*, *supra*, 16 Cal.5th 730, does not apply in this case because *Lynch* involved a retroactive application of the amendments to section 1170.1, whereas in this case the trial court sentenced Escobar nearly two years after the amendments became effective.  Although we presume that a trial court properly understood its sentencing discretion absent evidence to the contrary (*People v. Weddington* (2016) 246 Cal.App.4th 468, 492), in this case there is evidence to the contrary—the trial court relied on an aggravating factor that the jury expressly found not true.  Such an error cannot be harmless because by definition we cannot say that the jury would have found the aggravating factor true beyond a reasonable doubt.  The distinction between this case and *Lynch* is one without a difference—in *Lynch* the court could not have understood its discretion because the amendments to section 1170.1 were not in place; here the record shows that the court blatantly misapplied the amendments to section 1170.1 and must not have understood its discretion.  In both cases, the court's sentence contravened the amendments to section 1170.1 and violated the Sixth Amendment.  We vacate the sentence and remand the matter to

---

[4] Because we conclude that the jury would not have found true all of the unproven aggravating facts on this basis, we need not address Escobar's remaining contentions.

7

the trial court to resentence Escobar in compliance with section 1170, subdivision (b)(2).

**B.     *Assault with a Semiautomatic Firearm Instruction***

At trial, the court instructed the jury under CALCRIM No. 875 regarding the elements of assault with a semiautomatic firearm.  Escobar contends that the instruction does not properly define the mental state required to commit assault.  The People argue that Escobar forfeited his challenge by failing to raise it in the trial court, but that regardless, it lacks merit because the instruction accurately reflects the Supreme Court's articulation of the mental state required for assault as articulated in *People v. Williams* (2001) 26 Cal.4th 779 (*Williams*).  As Escobar acknowledges, we are bound by the Supreme Court's decision in *Williams* and could not contravene it even if we agreed with Escobar that *Williams* "erroneously defined" the requisite mental state for assault.  (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455–456.)  Following *Willams*, as we must, we find no error in the trial court's instruction.

8

## DISPOSITION

We vacate the sentence and remand to the trial court for resentencing.  In all other respects the judgment is affirmed.
NOT TO BE PUBLISHED.


MOOR, J.

I CONCUR:


KIM (D.), J.

9

The People v. Alan Escobar
B334101


BAKER, Acting P. J., Concurring



I agree with the opinion for the court's disposition of the appeal.  But I reach that conclusion not by way of Penal Code section 1259, but because the absence of an objection to the sentence imposed in this case constitutes ineffective assistance of counsel.



BAKER, Acting P. J.